LEAH J. BENSON ET AL. v. DRAPER BENSON

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 72937

Memorandum filed December 27, 1946.

*John J. Shea,* of Hartford, for the Plaintiffs.

*William S. Hyde,* of Manchester, for the Defendant.

INGLIS, J.   The complaint in this action is in two counts. The first count sets up a cause of action in equity for support. The second alleges that the plaintiff Leah J. Benson and the defendant have accumulated a sum of money by their joint enterprise for the use of their family and that the purpose of the accumulation have now been nullified.

As regards the first count, the following facts are found: On December 7, 1944, the defendant left his wife and has lived apart from her ever since.   Prior to that separation, he had supported the family with reasonable adequacy.   From the time of the separation until June 29, 1946, the defendant sent his wife $15 per week, which had been the sum agreed upon and which in view of her own resources was adequate for her support and that of her son.   From that date until the fore part of November, 1946, no payments were made by the defendant, but since then he has sent $12 per week.   On October 2, 1946, the plaintiff David Benson, the son of the other parties to the action, went into military service and is therefore now self-supporting.   From December 7, 1944, until he went into service

he was in the custody of, and all of his living expenses were paid by, his mother. Prior to December 7, 1944, the plaintiff Leah J. Benson had been guilty of intolerable cruelty toward the defendant. Cf. Memorandum filed on this date in No. 75245, Superior Court, Hartford County, *Draper Benson* v. *Leah J. Benson*.

Although there is a dictum in *State* v. *Kelly,* 100 Conn. 727, 731, a criminal action for nonsupport, that the duty of a husband to support his wife "continues during the marital relation unless the wife wrongfully leaves the husband, or is guilty of adultery," the authorities generally also relieve the husband of that duty, at least in actions in equity, if the wife has been guilty of substantial misconduct which has caused the break-up of the family relationship. This rule rests upon the equitable maxim that he who comes into equity must come with clean hands. 41 C. J. S. 517, § 52b; 2 Schouler, Marriage & Divorce (6th Ed.) § 1321; 27 Am. Jur. 16, § 408; notes, 49 L. R. A. (N. S.) 86, 6 A. L. R. 22.

Although the Supreme Court of Errors in this state has never had occasion to pass upon the question in an action in equity, there can be no doubt that the law is that a wife who has, by her intolerable cruelty, caused her husband to leave her is not entitled to compel him to support her after the separation. Accordingly, the plaintiff Leah Benson is not entitled to a decree for her support.

So far as the son's right to support is concerned, that, of course, cannot be defeated by any conduct of his mother. His father remains responsible for that. As is stated above, the only period in the past during which the defendant has not adequately provided for his son's support is the period from June 29 to October 2, 1946, a period of fourteen weeks. The sum of $8 per week is a reasonable amount to cover his support for that period, a total of $112. The named plaintiff, having supported him during that period, is the one who is entitled to recover that amount. So far as the future is concerned, it would now appear that in all probability no further support will be required.

As regards the second count of the complaint, it is found that during their married life the named plaintiff and defendant opened a savings account in The Society for Savings, payable to them or either of them. The purpose of the account as

understood between them was to accumulate a fund for the use of the family. Deposits were made in this account from time to time, mostly by Mrs. Benson but out of the earnings of Mr. Benson which he turned over to her. During some of the period Mrs. Benson was employed and also rented rooms, but practically all of the income from those sources were deposited by her in her own sole and separate bank account.

The family is now broken, so the purposes for which the joint and several account was set up are no longer possible of accomplishment. The amount in that account on the date of the separation of the parties was $1,196.50.

The law requires that that sum be divided equally between the parties to the joint enterprise. *Schaeffer* v. *Schaeffer*, 128 Conn. 628; *Vaszauskas* v. *Vaszauskas*, 115 Conn. 418.

The named plaintiff's one-half share of the joint and several bank account was $598.25. The first demand which she made for this, and the date, therefore, from which interest runs, was upon the institution of this action on February 2, 1945. Accordingly, the amount which she is entitled to recover on the second count is $666.97.

Judgment may enter for the named plaintiff to recover of the defendant the sum of $778.97 damages and her taxable costs, and that the defendant recover of the plaintiff David Benson his taxable costs on the first count.